UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM BURNS**, <br><br> Plaintiff, <br><br> v. <br><br> **SHAWN BREWER, et al.**, <br><br> Defendants. | 2:18-cv-10937 <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING MOTION TO APPOINT COUNSEL** |

William Burns, a *pro se* plaintiff presently in the custody of the Michigan Department of Corrections ("MDOC"), claims that Defendants, employees of the MDOC, prohibited him from receiving proofs of books he has authored, in violation of his civil rights. The case is now before the Court on Plaintiff William Burns's timely objections to Magistrate Judge Elizabeth A. Stafford's Order denying without prejudice his motion to appoint counsel. ECF Nos. 18, 21. For reasons described below, Plaintiff's objections will be overruled, and the Magistrate Judge's Order affirmed.

## DISCUSSION

Rule 72(a) of the Federal Rules of Civil Procedure provides that, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate,

issue a written order stating the decision." If a party for any reason objects to the magistrate judge's order, he or she "may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). The district judge will then "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.

The non-dispositive Order Plaintiff has objected to is Magistrate Judge Stafford's denial, without prejudice, of his motion to appoint counsel. *See* ECF No. 18 (Oct. 15, 2018 Order). In denying Plaintiff's motion, the Magistrate Judge reasoned that courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." ECF No. 18 PageID.162; *see Lavado v. Keohane*, 992 F.2d 601, 6015 (6th Cir. 1993). And Plaintiff, according to Magistrate Judge Stafford, at least at this juncture has not established exceptional circumstances warranting appointment of counsel. ECF No. 18 PageID.162.

Plaintiff timely filed objections to the Magistrate Judge's Order denying appointment of counsel. *See* ECF No. 21 (received by Clerk's Office on October 30, 2018); Fed. R. Civ. P. 6(d) (explaining that when service is made by mail, an additional three days will be added to the period of time in which a party must act). In Plaintiff's objections, he refers the Court to specific pages referenced in an amended motion for appointment of counsel that was docketed *after* Magistrate Judge

Stafford issued the Order denying his original motion for appointment of counsel. ECF No. 21 PageID.188 (Pl.'s Objections) (referencing ECF No. 19). Because Magistrate Judge Stafford issued her Order denying the motion to appoint counsel before Plaintiff's amended motion to appoint counsel was filed, any arguments presented in the amended motion were never presented to the Magistrate Judge. Under this district's jurisprudence, "[a] magistrate judge's decision should not be disturbed on the basis of arguments not presented to the magistrate judge." *Exide Tech. v. Kmart Corp.*, No. 07-CV-11269, 2008 WL 2511094, *1 (E.D. Mich. Jun. 23, 2008) (citing *Whittum v. Saginaw Cty.*, No. 02-10313-BC, 2005 WL 3271810, at *4 (E.D. Mich. Nov. 22, 2005)).

Additionally, the Court has reviewed Plaintiff's amended motion for appointment of counsel and finds that appointment of counsel is not warranted at this time. There is no constitutional right to counsel in civil proceedings and the Sixth Circuit instructs that appointment of counsel in such a proceeding "is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004). Determining whether a *pro se* plaintiff has demonstrated "exceptional circumstances" involves "consideration of the complexity of the factual and legal issues involved and an examination of the type of case and the abilities of the plaintiff to represent himself." *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005) (internal quotations omitted) (quoting *Lavado*, 992 F.2d at 604–

3

05). Applying these factors, the Court finds Plaintiff has not described circumstances that would justify appointing counsel. Plaintiff's claims are straightforward and involve factual and legal allegations that are comparatively narrow in scope—denial of his civil rights in connection with MDOC employees' decision that Plaintiff would not be given proofs of books that were mailed to him because they posed "a threat to the good order of the facility." ECF No. 1 PageID.5. Further, Plaintiff has demonstrated skill in clearly and comprehensively explaining the factual and legal bases for his claims. The Court concludes he will be able to adequately litigate his claims without the assistance of counsel.

## CONCLUSION

For these reasons, Plaintiff William Burns's motion (ECF No. 21), construed as objections to the Magistrate Judge's Order filed in accordance with Rule 72(a) of the Federal Rules of Civil Procedure, is **DENIED** and his objections are **OVERRULED**. The Magistrate Judge's Order (ECF No. 18) is accordingly **AFFIRMED**.

Dated: August 19, 2019   s/Terrence G. Berg
                         TERRENCE G. BERG
                         UNITED STATES DISTRICT JUDGE

**Certificate of Service**

 I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 19, 2019.

        s/A. Chubb
        Case Manager