UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM BURNS**, <br><br> Plaintiff, <br><br> v. <br><br> **SHAWN BREWER, et al.**, <br><br> Defendants. | 2:18-cv-10937 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION TO AMEND JUDGMENT AND TO APPOINT COUNSEL** |

William Burns, a *pro se* plaintiff presently in the custody of the Michigan Department of Corrections ("MDOC"), filed this lawsuit alleging that employees of the MDOC prohibited him from receiving proofs of books he has authored, in violation of his civil rights. On September 11, 2019, this Court adopted the Report and Recommendation issued by Magistrate Judge Elizabeth Stafford granting in part and denying in part the motion for summary judgment filed by Defendants Michelle Floyd, Jennifer Norder, James King, Christine McCumber-Hemry, Kimberly Napier, Shawn Brewer, and Greg Wilton. ECF Nos. 26, 45, 50. On Magistrate Judge Stafford's recommendation, the Court also *sua sponte* dismissed Plaintiff's claims against Defendants Fredeane Artis and Brent Rohrig, finding that Plaintiff had failed to state any plausible claims against them. *See* ECF Nos. 45, 50. Petitioner now contends that his claims against Artis and Rohrig were prematurely

1

dismissed because the Court had not yet received his response to Artis and Rohrig's motion for summary judgment. As relief, Petitioner requests that this Court's previous Order and Magistrate Judge Stafford's Report and Recommendation be modified to revive his claims against Artis and Rohrig, and that the motion for summary judgment filed by those Defendants be stricken. *See* ECF Nos. 48, 51. The Court will deny that motion because it has dismissed his claims against those Defendants *sua sponte*, i.e. of the Court's own accord, not on the basis of their motion for summary judgment. Petitioner has also filed a second motion for appointment of counsel (ECF No. 52), as well as additional miscellaneous motions that are now moot (ECF Nos. 47, 48). For reasons explained below, the Court will deny those pending motions and also deny as moot the motion for summary judgment filed by Defendants Artis and Rohrig as the claims against those individuals have been dismissed. Petitioner's First-Amendment claims against Defendants Napier and King have survived summary judgment and remain pending.

## DISCUSSION

Defendants Fredeane Artis and Brent Rohrig were employed at G. Robert Cotton Correctional Facility during the events that gave rise to the allegations in Plaintiff's complaint. Artis was an Assistant Deputy Warden and Rohrig a Resident Unit Manager. *See* ECF No. 1, PageID.2–3 (Compl.). In his Complaint, Plaintiff alleges violations of his due process rights related to the correctional facility's decision to deny him

possession of four books his wife had mailed to him. *See generally* ECF No. 1. The facts and claims at issue in this litigation are set forth in more detail in the Court's previous orders.

"[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)); *see* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that under the Prison Litigation Reform Act district courts may *sua sponte* dismiss an indigent plaintiff's civil rights action if it fails to state a claim upon which relief can be granted). A plaintiff fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). To sufficiently allege liability on the part of a defendant in a § 1983 civil rights suit, a plaintiff must show that the named defendant was personally involved in the allegations underlying the complaint. *Smith v. Doyle*, No. 15-10090, 2017 WL 3780047, *2 (E.D. Mich. Jul. 5, 2017) (citing *Rizzo v. Goode*, 423 U.S. 362, 372 (1976) and *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984)). The Sixth Circuit has held that simply reviewing or denying a prisoner's grievance cannot establish personal involvement of the defendant sufficient to support § 1983 liability.

3

*Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).

Plaintiff's Complaint contains only scant reference to Artis and Rohrig and fails to state any plausible allegations against these Defendants that could support § 1983 liability. Artis's actions are specifically described only in the following portion of the Complaint: "On 5/18/16 Administrative Assistant Napier sent a memorandum to Deputy Floyd and Deputy Artis to assist in the hearing of Step I grievance." ECF No. 1, PageID.7. To the extent Plaintiff is suggesting Artis is liable for the alleged due process violations because he reviewed a grievance Plaintiff filed in connection with the MDOC's decision denying him permission to possess the books mailed to him, that grievance review as a matter of law cannot support Plaintiff's § 1983 claim against Artis. *See Shehee*, 199 F.3d at 300. In his claim for relief section, Plaintiff also asserts that Artis and other Defendants "fail[ed] to enforce policy" but he fails to make any specific factual allegations that would permit the Court to draw a reasonable inference that Artis is liable for any misconduct. ECF No. 1, PageID.10–11; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff has not alleged facts that, even if proven to be true, would establish Artis was personally involved in the alleged due process violations, or any other conduct that could establish liability. *Sua sponte* dismissal of Plaintiffs' claim against Artis was therefore appropriate.

Concerning Rohig, the Complaint alleges that "On 4/14/16 Plaintiff Burns received three (3) notice of package/mail rejections Exhibit B). The signature was not legible. P.C. King and ROM Roh[i]g reported the signature was J. Norder's." ECF No. 1, PageID.5. Again, even if true, this factual allegation is insufficient to establish that Rohig was personally involved in any violation of Plaintiff's due process rights, or any other rights guaranteed by the United States Constitution. As with Artis, Plaintiff also asserts that Rohig "fail[ed] to enforce policy" but does not allege any facts explaining how or why Plaintiff failed to enforce MDOC policy, or what that failure would support a claim for civil rights violations under § 1983. ECF No. 1, PageID.10–11. Because Plaintiff has failed to allege facts that could plausibly establish a basis for Rohig's liability, the Court declines to alter its decision to *sua sponte* dismiss Plaintiff's claims against him.

The Court now turns to Plaintiff's motion for appointment of counsel. Unlike in criminal cases, there is no constitutional or statutory right to appointment of counsel in civil cases. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993); *Wright v. West*, 505 U.S. 277, 293 (1992). A collateral attack on an underlying criminal conviction is civil in character. *Pennsylvania v. Finley*, 481 U.S. 551, 556–57 (1987). But when "the interests of justice so require," district courts may, in their discretion, appoint counsel for an indigent prisoner "seeking relief under section 2241, 2254, or 2255 of title 28" through a habeas petition. 18

U.S.C. § 3006A(a)(2); *see Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir.) (en banc). In determining whether appointment of counsel is warranted, district courts should consider, among other factors, "the viability or frivolity of the [petitioner's] claims, the nature and complexity of the case, and the indigent's ability to present the case." *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (citations omitted). The Court does not consider this case the type of extraordinary circumstance that might warrant appointment of counsel. Plaintiff has on several occasions demonstrated his ability to cogently advance his legal claims. Additionally, the civil rights violations Plaintiff is alleging do not appear particularly complex or of a nature that implicates Plaintiff's safety or physical wellbeing. The Court will accordingly deny the motion for appointment of counsel.

## CONCLUSION

For these reasons, Plaintiff Williams Burns's motions to amend the Court's September 11, 2019 Order (ECF No. 51) and to appoint counsel (ECF No. 52) are **DENIED**. Further, Plaintiff's motion for enlargement of time (ECF No. 47) and motion to strike Defendants Artis and Rohrig's motion for summary judgment and portions of the Magistrate Judge's August 15, 2019 Report and Recommendation (ECF No. 48) are **DENIED** as moot. Additionally, the motion for summary judgment filed by Defendants Artis and Rohrig (ECF No. 44) is **DENIED** as moot because

those Defendants have been *sua sponte* dismissed by the Court.

Dated: October 31, 2019     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE