UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM BURNS,**<br><br>Plaintiff,<br><br>v.<br><br>**SHAWN BREWER,** et al.,<br><br>Defendants. | 2:18-CV-10937-TGB-EAS<br><br>HON. TERRENCE G. BERG<br>HON. ELIZABETH A. STAFFORD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 80), GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 68), DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 81), AND DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AS MOOT (ECF NO. 73)** |

This is a prisoner civil rights cased filed by William Burns pursuant to 42 U.S.C. § 1983. Mr. Burns claims he was prohibited from receiving incoming mail containing proofs of books that allegedly posed a security threat. On December 6, 2018, defendants moved for summary judgment. ECF No. 26. This Court adopted the Report and Recommendation issued by Magistrate Judge Elizabeth A. Stafford, which granted in part and denied in part Defendants' motion for summary judgment and dismissed all defendants besides James King and Kimberly Napier. ECF No. 45; ECF No. 50. After conducting discovery, Defendants filed a motion to

submit a second dispositive motion. ECF No. 67, PageID.702. Magistrate Judge Stafford granted Defendants leave to file a second dispositive motion. ECF No. 69.

This matter is now before the Court on Magistrate Judge Stafford's January 25, 2021 Report and Recommendation (ECF No. 80) recommending that Defendants' Motion for Summary Judgment (ECF No. 68) be granted.[1] The Court has reviewed Magistrate Judge Stafford's Report and Recommendation, Plaintiff's objections thereto, and Defendants' response to Plaintiff's objections. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the Report and recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

## I.     BACKGROUND

The facts of this case are laid out in Magistrate Judge Stafford's Report and Recommendation. ECF No. 80, PageID.881-82. In short, Create Space publisher mailed Plaintiff William Burns proofs of books that he had authored while he was incarcerated at G. Robert Cotton Correctional Facility. ECF No. 1-1, PageID.20. Plaintiff alleges that after

---

[1] In addition to the motion for summary judgment, there is a pending motion to compel discovery and/or disclosure filed by Plaintiff. ECF No. 73. As a result of this Court's order accepting and adopting the Report and Recommendation of Magistrate Judge Stafford, all remaining Defendants will be dismissed from the case. Accordingly, Plaintiff's pending motion to compel discovery and/or disclosure is moot.

the books were sent to the mailroom, they were then forwarded to property for delivery. ECF No. 1, PageID.4. According to Plaintiff's complaint, Plaintiff was informed that Defendant Napier "personally" came to the property room, took the books, and delivered them to Defendant King's office. ECF No. 1, PageID.5. Plaintiff received a notice of package rejection which stated that the books violated MDOC Policy Directive 05.03.118. ECF No. 1, PageID.5. After Plaintiff filed a grievance and requested a hearing, Defendant King—the hearing officer—held that the rejection of books was proper under the MDOC policy. Specifically, Defendant King found that the books allegedly posed a security threat and were also banned under the prohibition on mail intended for operating a business enterprise. ECF No. 1-1, PageID.35.

## II.  STANDARD OF REVIEW

A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

"The Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy," and "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arns*, 474 U.S. 140,

147 (1985). As such, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Loc.* 231, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Sixth Circuit has concluded that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objection is too general if it merely restates the arguments previously presented or disputes the recommendation without specifying the findings the party believes to be in error. *Id*. *See also VanDiver v. Martin*, 304 F.Supp.2d 934 (E.D. Mich. 2004). Where a party fails to make specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). *See also Smith*, 829 F.2d at 1373. "[F]ailure to file specific objections to a magistrate's report constitutes waiver of those objections," and the Court is not required to conduct a de novo review of the issues

addressed by the magistrate. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). *See Thomas*, 474 U.S. at 149.

### III.     ANALYSIS

Plaintiff raises four objections to the Report and Recommendation. ECF No. 81. Each will be addressed in turn.

#### a.     Objection One

First, Plaintiff contends that "defendant is attempting to relitigate an issue already presented to this Court." ECF No. 81, PageID.895. Plaintiff asserts that he is not operating a business, but instead his "books are published through Mega House Publications" and none have been sold to a prison. ECF No. 81, PageID.894. Additionally, Plaintiff argues that because Defendants' motion for summary judgment does "not cite the potential that Burns might sell the books online and thus operate a business operation as a justification for rejecting the books," Defendants should not be allowed to relitigate this issue. ECF No. 81, PageID.895.

Plaintiff's objection will be overruled for three reasons. First, contrary to Plaintiff's argument, Defendants' successive motion for summary judgment clearly argues that the business enterprise rule provides a justification for rejecting the books. *See* ECF No. 68, PageID.717 ("Because inmates engaging in a business enterprise while incarcerated is incompatible with security, order, and rehabilitation, this policy falls well within the realm of the reasonable."). ECF No. 1-1,

PageID.35. This justification was provided well before the filing of either summary judgment motion as evidenced by the Step I Grievance Response attached as an exhibit to Plaintiff's initial complaint. The Response notes that part of the justification for upholding the package rejection is that "PD. 05.03.118 MM, 22, also prohibits mail for the purpose of operating a business enterprise while within the facility." Therefore, the issue of the business enterprise rule is properly before the Court on Defendants' second motion for summary judgment.

Next, while Plaintiff argues he is not operating a business, he acknowledged in his original complaint that the impact of the denial of the packages included "loss of income" and that he intended to offer the books for sale via online retailers. ECF No. 1, PageID.13; ECF No. 1-2, PageID.62-63. Plaintiff provides no evidence or argument to refute that the books were mailed to him for the purpose of gaining income in violation of PD. 05.03.118 MM, 22. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). It is irrelevant that the publishing company who sent the manuscripts is not owned by Plaintiff as the Plaintiff's intent to earn money from this venture is clear and undisputed.

Finally, even if the Court did find that Defendant was not entitled to summary judgment on Plaintiff's First Amendment claim, it is not

dispositive because the magistrate judge's recommendation to grant summary judgment in Defendants' favor is based on a determination that Defendants are entitled to qualified immunity. *See* ECF No. 80, PageID.887 ("But the Court need not decide that issue to recommend summary judgment in defendants' favor because they are entitled to qualified immunity. . . Even if Burns had fashioned a persuasive argument that defendants violated his constitutional rights when applying the business enterprise mail rule to his books, that violation would not have been clearly established. Thus, defendants are entitled to summary judgment based on qualified immunity."). The Court need not resolve the question of summary judgment on Plaintiff's First Amendment claim in order to find in Defendants' favor.

Accordingly, Plaintiff's first objection will be overruled.

### b. Objection Two

Next, Plaintiff disputes the truthfulness of the statements made by Defendant Napier in the sworn affidavit. Specifically, Plaintiff contends it is not true that Defendant Napier "did not pick the books up from the mailroom herself, did not take the books to P.C. King's office, nor did she drop the books off to the mailroom, or have any personal involvement." ECF No. 81, PageID.896. To support this contention, Plaintiff points to his own affidavit which recounts communications with Officer Wilcox about Defendant Napier's involvement, a letter from Bonnie Burns, (Plaintiff's wife) recounting her call with property, and a memorandum

from Defendant Napier regarding the grievance. ECF No. 1-3, PageID.81, 100; ECF No. 26-3, PageID.276.

In support of the motion for summary judgment, Defendants include the sworn affidavit of Defendant Napier, which states that she is an administrative assistant whose role does not involve "any decisions pertaining to mail notices and/or rejections, administrative hearing outcomes, or what is placed on the restricted publications list." ECF No. 68-2, PageID.736. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). On a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the non-moving party. *Matsushita*, 475 U.S. at 587 (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

The three materials presented by Plaintiff fail to refute the assertion that Defendant Napier is an administrative assistant and is not involved in any decisions regarding package rejections or materials on the restricted publications list. Each piece of evidence provided by Plaintiff is evaluated in turn.

Plaintiff first points to his own affidavit which states he was (1) told by Officer Wilcox that Defendant Napier "went to the property room and picked the books up herself," and (2) told by Defendant King that Defendant Napier came to his office with the books and asked "what she should do with them." ECF No. 1-3, PageID.81. But, this information comes from Plaintiff's own affidavit—not that of Officer Wilcox or Defendant King—and therefore cannot be viewed as creating a genuine issue of material fact when it only repeats secondhand information. Even if this Court were to accept Plaintiff's affidavit of events that he did not witness, nowhere does the affidavit provide evidence that Defendant Napier was involved with any administrative decision-making regarding applying the business enterprise rule or placing items on the restricted publications list. In fact, the affidavit only states that Defendant King and the central office in Lansing were the ones who made arguments regarding the reasons the books were taken. Because Plaintiff's own affidavit provides no evidence to refute Defendant Napier's testimony that she lacked any decision-making capacity with regard to the packages or publications list, it does not create a genuine issue of material fact.

Next, Plaintiff directs the Court to a letter from his wife which recounts a telephone call that she had with property department. According to his wife's letter, Defendant Napier "has taken the books and is de[c]iding whether you will be given them." ECF No. 1-3, PageID.100. However, in the very next sentence Mrs. Burns says, "I would *assume* that she is reading them." *Id.* (emphasis added). The Court is unable to find that this evidence creates a genuine issue of material fact as to Defendant Napier's involvement because it only presumes Defendant Napier was involved with decision-making. Even viewing this evidence in the light most favorable to Plaintiff, an email from an individual relaying a phone conversation and providing conjecture about Defendant's actions is insufficient to establish a genuine issue of material fact. *See Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 954 F.3d 852, 859 (6th Cir. 2020) (quoting *Anderson*, 477 U.S. at 252) ("The 'mere existence of a scintilla of evidence' in support of the non-moving party does not establish a genuine issue of material fact.")

Finally, Plaintiff directs the Court to a memorandum written by Defendant Napier, which states that she "had not received a response from CFA [Correctional Facilities Administration] as to whether this prison author is going on the restricted publication list." ECF No. 26-3, PageID.276. This too fails to refute the testimony provided in Defendant Napier's affidavit. As stated in the very next line from the memorandum, "[a]t no time was [Defendant Napier] involved in the preparation and

distribution of the Notice of Package/Mail Rejection." *Id*. This memorandum is completely consistent with Defendant Napier's affidavit which explains she was contacted by Defendant King who asked whether the books in question were being placed on the MDOC prohibited mail list. ECF No. 68-2, PageID.702. Defendant Napier contacted Correctional Facilities Administration to inquire about *their* decision to place the books on the mail list. Her administrative responsibility to relay the decisions made by others is not evidence that she herself had the power to make or was involved in any decision to place any books on the restricted list.

Because Plaintiff does not provide evidence that Defendant Napier was involved in any aspect of decision-making regarding mail notices, rejections, administrative hearings, or the restricted publications list, the second objection will be overruled.

  **c. Objection Three**

Next, Plaintiff argues that Defendants' second motion for summary judgment failed to present any evidence which would "merit a different finding." ECF No. 81, PageID.898. While not entirely clear, it appears Plaintiff is referencing Defendants' argument that Plaintiff did not properly exhaust his claims. *See* ECF No. 26, PageID.221.

However, exhaustion was only at issue in Defendants' first summary judgment motion and is not discussed in either the second summary judgment motion filed by Defendants or the corresponding

Report and Recommendation currently before this Court. In the magistrate judge's previous order, which was adopted by this Court, it was already determined that Plaintiff exhausted his claims against both Defendant Napier and King. ECF No. 45, PageID.582. Because the issue of exhaustion was already resolved, the magistrate judge's current recommendation that the second motion for summary judgment be granted is not the result of a different finding with regard to exhaustion, nor does it address exhaustion in any way. Instead, the magistrate judge recommends granting the motion because Defendants are entitled to summary judgment based on qualified immunity. ECF No. 80, PageID.887.

Accordingly, Plaintiff's third objection will be overruled as the Report and Recommendation did not make a different finding with regard to exhaustion.

### d. Objection Four

Finally, Plaintiff argues that Defendants' second motion for summary judgment is merely a "second bite of the apple" because of their dissatisfaction with the Court's previous decision to deny their claims of qualified immunity. ECF No. 81, PageID.898. In support of this proposition, Plaintiff quotes the adopted order from the first summary judgment motion, which determined that "genuine disputes of material fact remain" with regard to both Defendant Napier's and King's qualified immunity defense. ECF No. 81, PageID.898-99. Plaintiff also argues that

Defendant Napier's sworn affidavit is the only "new" evidence provided and that it could have been presented in Defendants' first request for summary judgment. Because Defendants did not present new evidence, Plaintiff asks the Court to view their second request for summary judgment as an improper attempt to relitigate their request for qualified immunity.

This argument is also without merit. First, "[d]istricts court may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought." *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006) (quoting *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000)). "[D]enial of summary judgment has no *res judicata* effect." *Id.* (quoting *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir.1995)). Next, a party should present "good reason[s]" when seeking to file a successive motion for summary judgment. *Kovacevich*, 224 F.3d at 835. For example, district courts have found good reason when "the moving party has expanded the factual record on which summary judgment is sought." *Hertz Schram PC v. FBI*, No. CIV.A. 12-14234, 2014 WL 1389331, at *1 (E.D. Mich. Apr. 9, 2014) (quoting *Kovacevich*, 224 F.3d at 835). Contrary to Plaintiff's objection, the Court does not find case law which requires the "good reason" to be the discovery of new evidence that was previously unavailable at the time the first summary judgment motion was made. *Id.* (finding that the

party's submission of an additional declaration describing a search for records was a sufficient "good reason" for granting leave for a successive motion). Here, Defendant sought leave to file a second dispositive motion after supplementing the factual record with Defendant Napier's affidavit and after conducting discovery—which included the taking of Plaintiff's deposition. ECF No. 67, PageID.702. The additional affidavit and discovery provided sufficient "good reason" to grant leave to file a second summary judgment motion.

Because Defendants' successive summary judgment motion was permissible, the Court will overrule Plaintiff's final objection.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that Magistrate Judge Stafford's Report and Recommendation of January 25, 2021 is **ACCEPTED** and **ADOPTED**. It is **FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 68) be **GRANTED** and the remaining claims against Defendants are **DISMISSED.**

It is **FURTHERED ORDERED** that Plaintiff's Motion to Compel Discovery and/or Disclosure (ECF No. 73) is **DENIED** as **MOOT**.

**SO ORDERED.**

Dated: March 19, 2021     s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE